THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Jermel Anthony
 Robinson, Appellant.
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2011-UP-435
Submitted October 1, 2011  Filed October
 11, 2011 

AFFIRMED

 
 
 
Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina Catoe, all of Columbia; and
 Solicitor Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Jermel
 Anthony Robinson appeals his conviction for first-degree lynching.  On appeal,
 he argues the trial court erred in denying his motion for a directed verdict. 
 We affirm.[1]  
"Any act of violence inflicted by a mob upon the
 body of another person which results in the death of the person shall
 constitute the crime of lynching in the first degree."  S.C. Code Ann. §
 16-3-210 (2003).  A "mob" is "the assemblage of two or more
 persons . . . for the premeditated purpose and with the premeditated intent of
 committing an act of violence upon the person of another."  S.C. Code Ann.
 § 16-3-230 (2003).  
In the instant case, the State proffered evidence Robinson and Teron Hakeen Jackson, in an attempt to
 rob the victim, surreptitiously observed the victim sitting in his parked car for
 more than an hour in order to conduct surveillance and plan the robbery, donned
 dark clothes and masks, armed themselves, and charged the victim from either
 side with their guns drawn.  Jackson confessed to shooting the victim multiple
 times, resulting in his death.  In light of this evidence, it was reasonable
 for the jury to infer Robinson's premeditated intent to commit an act of
 violence upon the victim and to disbelieve Robinson's assertion he did not
 intend to harm the victim.  See State v. Tuckness, 257 S.C. 295,
 299, 185 S.E.2d 607, 608 (1971) ("Intent is seldom susceptible to proof by
 direct evidence and must ordinarily be proven by circumstantial evidence, that
 is, by facts and circumstances from which intent may be inferred.").  Accordingly, the State proffered sufficient evidence
 to overcome Robinson's motion for a directed verdict on his first-degree lynching
 charge.  See State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641,
 648 (2006) (holding "[w]hen ruling on a motion for a directed verdict, the
 trial court is concerned with the existence or nonexistence of evidence, not
 its weight").
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ.,
 concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.